UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11217-RGS

ARIEL OMAR VELASQUEZ,

v.

ATTORNEY GENERAL MERRICK B. GARLAND, et al.

ORDER OF DISMISSAL

August 9, 2022

STEARNS, D.J.

On July 28, 2022, pretrial detainee Ariel Omar Velasquez, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Velasquez, who is currently confined at the Donald W. Wyatt Detention Facility in Rhode Island, seeks release from pretrial detention. His underlying criminal proceeding—in which he is represented by counsel—is in front of another judicial officer of this court. *See United States v. Velasquez*, Crim. No. 20-cr-10285-DPW (D. Mass.).

The court will dismiss this petition without prejudice for lack of jurisdiction. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Unless a statute explicitly states

otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Here, Velasquez is not confined within the District of Massachusetts. Rather, he is confined in the District of Rhode Island. Although the criminal proceeding against Velasquez is in the District of Massachusetts, this Court's habeas jurisdiction does not extend to the district of his pretrial confinement.

If it were "in the interest of justice," the court, could, in its discretion, transfer Velasquez's petition to the District of Rhode Island, where habeas jurisdiction would exist. 28 U.S.C. § 1631. However, transferring Velasquez's petition would not be in the interest of justice. Habeas corpus is an extraordinary remedy that is generally available only in the absence of any other remedy. *See Stack v. Boyle*, 342 U.S. 1, 6 (1951). Habeas corpus is not the only remedy available to Velasquez. He may raise the matter of his pretrial detention with the judicial officer pending over the criminal action. *See Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) (stating that "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"); *Whitmer v. Levi*, 276 Fed. App'x 217, 219 (3d Cir. 2008) (per curiam) (finding that petitioner's "claims relating to

pending criminal charges should have been raised in his criminal case, not a habeas petition under 28 U.S.C. § 2241"); *Garey v. Fed. Det. Ctr.*, 180 Fed. App'x 118, 121 (11th Cir. 2006) (per curiam) (affirming dismissal of § 2241 petition because petitioner's claims "should have been raised in his pending criminal case").  Whether or not defense counsel deems it appropriate to raise in the criminal proceeding the question of Velasquez's detention, the matter is not for the undersigned.

For the foregoing reasons, this action is DISMISSED without prejudice.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE